# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PINEYWOODS TITLE, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 4:23-cv-00877 SEP |
| BEST DEAL MOTORS, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Pineywoods Title, LLC's Motion for Temporary Restraining Order. Doc. [45]. The Court held a hearing on the motion on June 20, 2024, and the parties submitted supplemental briefing on the motion, Docs. [55], [60], and [61]. For the reasons set forth below, the motion is denied.

### BACKGROUND

This case arises out of a phantom real property fraud scheme in which a property seller did not actually own the real estate offered for sale. The purported owner used fabricated documents to support the sale. Defendant Best Deal Motors, LLC, owned by Defendant Ganiyu Obanigba, was the recipient of $127,840.38 in proceeds received due to the fraudulent sale. The particulars of the fraudulent sale are not pertinent to the instant motion, but the allegations are generally that the purported seller directed Pineywoods, which acted as title company during the sale, to wire the sale amount to Best Deal Motors's bank account, and Best Deal Motors did not return the funds to Pineywoods after Plaintiff made a formal demand for its return. Plaintiff then filed this action, in which it seeks relief in the form of a money judgment of $127,840.38, plus attorneys' fees and punitive damages.

Plaintiff, in its motion for a TRO, alleges that Best Deal Motors has a history of making frequent money transfers from its bank account in the United States to Nigeria, and that because of this, Defendants' bank accounts frequently maintain a balance less than the potential money judgment in this matter. *See* Doc. [45] at 3. Plaintiff alleges that it would be irreparably harmed if Defendants are allowed to freely transfer funds, because it may leave Plaintiff unable to collect on any potential money judgment in its favor. *Id*. at 4. Therefore, Plaintiff asks the Court to enjoin Defendants from "[s]elling, liquidating, assigning, transferring, converting, loaning,

disbursing, gifting, conveying, encumbering, pledging, concealing, dissipating, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, contracts, consumer lists or other assets . . . . in the actual or constructive possession of any Defendant." *Id*. at 5.  Plaintiff also asks the Court to enjoin Defendants from "[i]ncurring charges on any credit card, stored value card, debit card, or charge card issued in the name, singly or jointly, of any Defendant or any other entity directly or indirectly owned, managed, or controlled by any Defendant," and from "[c]ashing any checks from consumers, clients, or customers of any Defendant." *Id*.  In its post-hearing brief, Plaintiff agreed to limit the requested freeze on Defendants' assets to $400,000, which it estimates to be the potential judgment were Plaintiff to prevail at trial.  *See* Doc. [55] at 10.

## LEGAL STANDARD

When determining whether to issue a temporary restraining order, the Court must consider four factors:  (1) the likelihood the moving party will succeed on the merits, (2) the threat of irreparable harm to the moving party, (3) the balance between that harm and the injury that granting the injunction will inflict on other parties, and (4) the public interest.  *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).  When seeking to enjoin private action, a movant may meet the first factor by establishing that he has a "fair chance of prevailing." *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008).  The moving party bears the burden of establishing the need for a preliminary injunction. *Chlorine Institute, Inc. v. Soo Line R. R.*, 792 F.3d 903, 914 (8th Cir. 2015); *Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 418 (8th Cir. 1987) (The party requesting injunctive relief bears the "complete burden" of proving that an injunction should be granted.).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

While the likelihood of success on the merits is the most important factor, *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 706 (8th Cir. 2011), "failure to demonstrate irreparable harm is a sufficient ground to deny a preliminary injunction," *Phyllis Schlafly Rev. Trust v. Cori*, 924 F.3d 1004, 1009 (8th Cir. 2019).  Irreparable harm must be certain and imminent, such that there is a clear and present need for equitable relief.  *Iowa Utils. Bd. v. F.C.C.,* 109 F.3d 418, 425 (8th Cir.1996).  Possible or speculative harm is not sufficient.  *Local Union No. 884, United Rubber, Cork, Linoleum, & Plastic Workers of Am. v.*

*Bridgestone/Firestone, Inc.,* 61 F.3d 1347, 1355 (8th Cir. 1995). "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of monetary damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). Economic loss, on its own, is not an irreparable injury. *DISH Network Serv. L.L.C. v. Laducer*, 725 F.3d 877, 882 (8th Cir. 2013).

### DISCUSSION

Plaintiff seeks an order from this Court restraining Defendants from transferring or dissipating assets in their name or under their control, up to the amount of $400,000, arguing that if Defendants are allowed to freely transfer their assets Plaintiff may be unable to seek satisfaction for the amount it is owed. Plaintiff alleges it will face irreparable harm if an award of money damages proved an inadequate remedy at law because the award is not collectible due to Defendants' potential lack of resources.

Notwithstanding Plaintiff's arguments, the issuance of a TRO or preliminary injunction freezing Defendants' assets would be contrary to law. It is well established that the freezing of a defendant's assets prior to trial is improper in a case seeking only legal relief in the form of money damages. *See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 330 (1999). The Supreme Court in *Grupo* addressed whether a district court has the authority to issue a preliminary injunction under Rule 65 for the purposes of protecting assets in anticipation of the judgment of the court, holding that "an unsecured creditor has no rights at law or in equity in the property of his debtor." *Id*. There are exceptions to this general rule. For example, an unsecured creditor can obtain preliminary injunctive relief to prevent a defendant from disposing of assets prejudgment where statutes permit the court to do so, such as in bankruptcy actions, actions brought under the Securities Act, or under statutes authorizing tax injunctions. *Id.* at 326–28. Additionally, an unsecured creditor may obtain prejudgment injunctive relief freezing assets where the complaint seeks equitable relief such as rescission of contract or the establishment of a constructive trust. *Id.* at 324–25.

Here, Plaintiff has failed to allege or show any applicable exception to the general rule that an unsecured creditor has no rights at law or in equity in the property of his debtor. Instead, Plaintiff asserts that the irreparable harm factor militates in its favor because there is no guarantee that at the time judgment is entered Defendants will be able to pay. But that assertion does not take this case outside of the scope of *Grupo*'s general rule. Rather, Plaintiff's request to

3

freeze assets to protect an anticipated money judgment is precisely the type of relief the Supreme Court forbade in *Grupo*.  In its Amended Complaint, Plaintiff seeks "judgment in its favor . . . in the amount of $127,840.37."  Doc. [39] at 8.  That is not equitable relief.

Although neither Plaintiff nor Defendants discuss *Grupo* in their briefing on the TRO motion, the Court notes that the cases Plaintiff cites in support of a prejudgment preliminary injunction freezing the opposing party's assets fall within one of the exceptions to the general rule stated in *Grupo*.  For example, Plaintiff cites to *S.E.C. v. Lauer*, 478 F. App'x 550 (11th Cir. 2012), Doc. [55] at 2, and *S.E.C. v. Bravata*, 2009 WL 2245649 (E.D. Mich Jul. 27, 2009), *id*. at 5, as cases where the Court found a prejudgment asset freeze proper, but those were actions brought under the Securities Act where the Securities and Exchange Commission sought equitable disgorgement under the Act.  And in *Animale Grp., Inc. v. Sunny's Perfume Inc*., 256 F. App'x 707 (5th Cir. 2007), cited at Doc. [55] at 5, the plaintiff sought an equitable accounting to determine lost profits in a trademark infringement action.

Even if the Court were authorized to provide the relief sought by Plaintiff, the motion for TRO would nonetheless be denied for failure to show irreparable harm.  The Eighth Circuit has stated that there is no threat of irreparable harm where a party can be fully compensated for its injuries through an award of monetary damages.  *See Gen. Motors Corp. v. Harry Brown's LLC,* 563 F.3d 312, 319 (8th Cir. 2009).  Plaintiff here seeks only "to recover money from Defendants, and the possibility that Defendants might not have any money when this case is concluded does not necessarily mean that Plaintiffs face a threat of irreparable harm."  *Garrett v. Cassity*, 2011 WL 1103659, at *8 (E.D. Mo. Mar. 23, 2011); *see also Surplec, Inc. v. Maine Public Serv. Co.,* 495 F.Supp.2d 147, 151 (D. Maine 2007) ("Alleging a mere possibility that a defendant might not be able to ultimately satisfy a judgment because, at the time such judgment is entered, he may not have assets is not sufficient to demonstrate irreparable injury for preliminary injunction purposes.").  Thus, the motion must also be denied because Plaintiff has not demonstrated that it is likely to suffer irreparable injury in the absence of injunctive relief.  *See Modern Computer Sys., Inc., v. Modern Banking Sys., Inc*., 871 F.2d 734, 738 (8th Cir. 1989) ("The threshold inquiry is whether the movant has shown the threat of irreparable injury."); *Phyllis Schlafly Rev. Trust v. Cori*, 924 F.3d 1004, 1009 (8th Cir. 2019) (The "failure to demonstrate irreparable harm is a sufficient ground to deny a preliminary injunction.").

Lastly, the Court turns to Plaintiff's motion to reconsider.  The undersigned denied on the record the instant motion for TRO during a status conference held on October 28, 2024, after which Plaintiff made an oral motion asking the Court to reconsider its decision, pointing to several cases cited in its brief, Doc. [46] at 4-5, that it believed supported issuance of the TRO. Upon further consideration of the cases cited, the Court is not persuaded to alter its initial determination to deny the requested relief.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order, Doc. [45], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's oral motion to reconsider the denial of the instant Motion for Temporary Restraining Order is **DENIED**.

Dated this 30th day of October, 2024.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5